UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    c/o United States Attorney's Office<br>    for the District of Columbia,<br>    Civil Division<br>    555 Fourth Street, N.W.<br>    Washington, D.C. 20530<br><br>                        Plaintiff,<br>v.<br><br>WILLIAM P. TEDARDS, JR., AND YVONNE TEDARDS,<br>    6470 N. Silversmith Place<br>    Tucson, AZ 85750<br><br>                        Defendants. | Civil Action No.:<br>1:05-CV-00991-JGP<br><br>**Jury Trial Demanded** |

## ANSWER

Defendants answer the complaint, alleging as follows:

1.     Defendants do not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1.

2.     Defendants deny the averments of the first sentence of Paragraph 2 and aver that the action arises principally from the prior material breach of the plaintiff.

Defendants do not have knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 2.

3. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 3.

4. Defendants admit the averments of Paragraph 4.

5. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5.

6. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6.

7. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7.

8. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8.

9. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9.

10. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 10.

11. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 11.

12. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 12.

13. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 13.

14. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 14.

15. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15.

16. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16.

17. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 17.

18. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18.

19. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 19.

20. Defendants deny the averments of the first and last sentences of Paragraph 20 and aver that the lease relationship between plaintiff and defendants began in April of 1996, when the security deposit of $3,500.00 was made, and ran

3

ANSWER
Case No. 05-CV-0091-JGP

continuously until July 31, 2004, when the defendants vacated the premises. Defendants admit the remainder of the averments of Paragraph 20.

21. Defendants admit the averments of Paragraph 21.

22. Defendants admit the averments of Paragraph 22.

23. Defendants admit the averments of Paragraph 23.

24. Defendants admit the averments of Paragraph 24.

25. Defendants admit the averments of Paragraph 25.

26. Defendants admit the averments of Paragraph 26.

27. Defendants admit the averments in the first sentence of Paragraph 27. Defendants deny the averments of the second sentence and aver that no prior notice of intention to vacate was necessary when the plaintiff had elected to terminate the lease.

28. Defendants admit the averments in the first sentence of Paragraph 28. Defendants deny the remaining averments of Paragraph 28 and aver (a) that the premises were left in better condition than when delivered by the plaintiff in 1996; (b) that any disrepair in the premises was the result of faulty and neglectful maintenance of structural elements for which the plaintiff had responsibility; and (c) the *defendants* told the plaintiff, upon vacating, that the plaintiff could keep the entire security deposit from 1996, with all of the accumulated interest, to handle transitional expenses (e.g., repainting, filling in picture hanging holes).

29. Defendants deny the averments of Paragraph 29 and aver that any "restoration" beyond the transitional expenses described in Paragraph 28 of this Answer was necessitated, not by the defendants, but by the plaintiff's negligence in fulfilling its own responsibilities.

30. Defendants deny the amounts of Paragraph 30.

31. Defendants deny the amounts of Paragraph 31.

32. Defendants deny the amounts of Paragraph 32.

33. Defendants deny the amounts of Paragraph 33.

34. Defendants deny the amounts of Paragraph 34.

35. Defendants deny the amounts of Paragraph 35.

36. Defendants deny the amounts of Paragraph 36.

37. Defendants deny the amounts of Paragraph 37.

## AFFIRMATIVE DEFENSES

1. Plaintiff is not entitled to the measure of relief it seeks under its breach of contract theory because it has not performed its own obligations under the lease arrangement.

2. Plaintiff is not entitled to the measure of relief it seeks under its breach of contract theory because it committed a prior material breach of the lease arrangement.

3. Plaintiff is not entitled to the measure of relief it seeks under its unjust enrichment theory because it has unclean hands.

4. The plaintiff has been unjustly enriched by significant improvements and repairs that the defendants made to the premises, and the defendants are entitled to offset the value of these improvements and repairs against any amounts owed to the plaintiff.

5. The defendants have been deprived of their quiet enjoyment of the premises by prior material breaches of the lease arrangement by the plaintiff and are entitled to offset the amount by which they have been damaged by loss of their right of quiet enjoyment against any amounts owed to the plaintiff.

6. The defendants have been financially damaged by prior material breaches of the lease arrangement by the plaintiff and are entitled to offset the amount of that damage against any amounts owed to the plaintiff.

**Wherefore,** defendants pray that the Court enter a judgment:

(a) determining the amount by which the plaintiff has been unjustly enriched;

(b) determining the amount by which the defendants have been damaged by deprivation of their quiet enjoyment;

(c) determining the amount by which the defendants have been damaged by the plaintiff's prior material breaches;

(d) offsetting the amounts determined in (a), (b), and (c) against the amount due under the lease through July 31, 2004;

(e) costs and disbursements of this action; and

(f) such other and further relief as this Court deems just and proper.

**Defendants demand a trial by jury on all issues.**

DATED: June 20, 2005                          Respectfully submitted,

WILLIAM P. TEDARDS, JR.
YVONNE TEDARDS


_____/s/_____
William P. Tedards, Jr. (#143636)
6470 N. Silversmith Place
Tucson, AZ 85750
TEL:  202 797-9135

*Appearing Pro Se*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 20, 2005 a true copy of the foregoing **ANSWER** was served by Email, on counsel of record as follows:

> Brian J. Sonfield
> U.S. Attorney's Office
> Civil Division
> 555 4th Street, NW
> Washington, D.C. 20530
> TEL:  202 514-7143
> FAX: 202 514-8780
> Email: brian.sonfield@usdoj.gov

                                              /s/
                                    William P. Tedards, Jr.