UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　c/o United States Attorney's Office<br>　　for the District of Columbia,<br>　　Civil Division<br>　　555 Fourth Street, N.W.<br>　　Washington, D.C. 20530<br><br>　　　　　　　　　　　　Plaintiff,<br>v.<br><br>WILLIAM P. TEDARDS, JR., AND<br>YVONNE TEDARDS,<br>　　6470 N. Silversmith Place<br>　　Tucson, AZ 85750<br><br>　　　　　　　　　　　　Defendants. | Civil Action No.:<br>1:05-CV-00991-JGP |

**JOINT STATEMENT WITH RESPECT TO THE MATTERS SET FORTH IN THE INITIAL SCHEDULING ORDER OF JUNE 24, 2005**

The parties have conferred with respect to the matters listed in the initial scheduling order of June 24, 2005. Following is the parties' joint statement on each item.

**1.   A brief statement of the case and the claims or defenses relied upon by each party.**

The plaintiff and defendants were in a landlord/tenant relationship, which terminated in 2004. The plaintiff landlord claims that the defendant tenants owe lease payments which accrued prior to the termination, alleging that the tenants breached the lease agreement and were unjustly enriched by not making the payments. The tenants claim in affirmative defense that the landlord committed prior material breaches which necessitated substantial unwarranted expenses by the tenants, which they are entitled to offset against any lease payments due. The tenants also claim in affirmative defense that the landlord has unclean hands and is thus not entitled to recovery for unjust enrichment.

On July 11, 2005, the tenants amended their answer to add a counterclaim for breach of contract and unjust enrichment. They claim that the landlord breached the lease agreement by failing to perform its repair and maintenance obligations, thereby injuring the tenants financially. The counterclaim also alleges that the landlord has been unjustly enriched by retaining the full benefit of substantial expenditures that the tenants were forced to make, in light of the landlord's default, to repair and maintain the leased Premises.

**2.    Whether there are any pending motions.**

There are no pending motions.

**3.    Whether the parties anticipate any amendments to their pleadings and the date on which the court can expect any such amendments.**

The parties do not anticipate any further amendments at this time.

**4.    Whether the case can be assigned to a Magistrate Judge for all purposes including trial.**

The plaintiff will not agree to assignment to a Magistrate Judge for all purposes.

**5.    Whether there is a realistic possibility of settling the case.**

The parties believe there is a realistic possibility of settling the case and will attempt to settle the case between themselves.  If that does not succeed, the parties will pursue a settlement conference and/or ADR.

6. **The parties will indicate whether they believe the case can benefit from the court's alternative dispute resolution (ADR) procedures or some other form of alternative dispute resolution, and if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.**

The parties believe discovery should be stayed pending the settlement efforts described in No. 5.

7. **Whether the case can be resolved on summary judgment or a motion to dismiss; the dates for filing dispositive motions and/or cross-motions, opposition, and replies and, whether a hearing is requested.**

The defendants do not believe the case can be resolved on summary judgment. The plaintiff reserves opinion on that pending a review of defendants' counterclaim.

8. **Whether the parties can agree on the exchange of certain information, for example, names and addresses of witnesses, relevant documents, computations of damages, the existence and amount of insurance, without formal discovery. If so, the date(s) on which such information will be exchanged. This Court encourages the voluntary exchange of information.**

The parties wish to defer any consideration of voluntary information exchange or discovery pending the settlement attempts discussed above.

9. **The discovery contemplated in this case that would include the number of depositions each party proposes to take, the number of sets of interrogatories, time limits on the taking of depositions, a**

> **limit on the number of interrogatories in each set, whether a protective order is appropriate, the date for completion of all discovery, including answers to interrogatories, document production, request for admissions and depositions. In the event of a discovery dispute, the parties are required to meet and confer in an effort to resolve the discovery. If a discovery motion is filed, the moving party must certify that the parties have attempted to resolve the dispute without reference to the Court. Normally, this Court will refer all discovery disputes to a Magistrate Judge.**

The parties wish to defer any consideration of voluntary information exchange or discovery pending the settlement attempts discussed above.

**10.    The date(s) for the exchange of expert witness information pursuant to Fed.R.Civ.P. 26(b)(4), and for taking depositions or discovery of experts.**

The parties do not contemplate the use of experts in this case.

**11.    Whether the discovery and/or the trial should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties do not believe the case should be bifurcated or managed in phases.

**12.    The parties shall discuss a date for a pretrial conference having in mind that the pretrial conference should be scheduled 30 to 60 days prior to the trial.**

The parties wish to defer consideration of a pretrial conference or trial date pending the settlement attempts discussed above.

**13.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at a later status hearing.**

The parties wish to defer consideration of a pretrial conference or trial date pending the settlement attempts discussed above.

DATED: July 12, 2005                                Respectfully submitted,

For the Defendant:

                             WILLIAM P. TEDARDS, JR.
                             YVONNE TEDARDS

                             /s/
                             William P. Tedards, Jr. (#143636)
                             6470 N. Silversmith Place
                             Tucson, AZ 85750
                             TEL: 202 797-9135

                             *Appearing Pro Se*

For the Plaintiff:

                             /s/
                             Kenneth L. Washington (#451058)
                             United States Attorney

                             /s/
                             R. Craig Lawrence (#171538)
                             United States Attorney

                             /s/
                             Brian Sonfield (#449098)
                             Assistant United States Attorney

Judiciary Center Bldg., Civil Division
555 Fourth Street
Washington, D.C. 20530
TEL: 202 514-7143