UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-0991 (JGP) |
| ) | |
| WILLIAM P. TEDARDS, JR. ) | |
| YVONNE TEDARDS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### ANSWER TO COUNTERCLAIM

Plaintiff, United States of America, through undersigned counsel, hereby answers Defendants' Cross Complaint as follows:

### FIRST DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff fulfilled all of its obligations under the subject lease.

### THIRD DEFENSE

Counterclaimants materially breached the subject lease.

### FOURTH DEFENSE

The United States has not waived its sovereign immunity to suit for the relief sought by the Counter Claim.

### FIFTH DEFENSE

Counterclaimants failed to maintain the Premises in as good condition as when counterclaimants took possession.

SIXTH DEFENSE

In response to the numbered paragraphs of the Counterclaim, Plaintiff states as follows:

NATURE OF CAUSE OF ACTION

1. The allegations contained in first sentence of paragraph 1 constitute conclusions of law and counterclaimants' characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. As to the second sentence, plaintiff admits only that the premises that is the subject of the governing lease at issue is located at 3410 Garfield Street, N.W., Washington, D.C. (the "Premises"). Deny any remaining allegations under paragraph 1.

2. Denies.

PARTIES

3. Admits.

4. Plaintiff admits only that counterclaimants are William P. Tedards, Jr., and Yvonne Tedards, both former tenants of the Premises. Plaintiff lacks sufficient knowledge and information to admit or deny the remaining allegations in paragraph 4, and therefore denies the same.

JURISDICTION AND VENUE

5. Jurisdiction involves a question of law and defendant is not required to respond to it. To the extent that a response is required, plaintiff admits that this Court has jurisdiction This Court has jurisdiction over this action by virtue of 28 U.S.C. § 1345 because the United States is the plaintiff in this action and by virtue of the FMA. See 22 U.S.C. §§ 4301(a), 4311.

6. Venue involves a question of law and defendant is not required to respond to it. To the extent that a response is required, plaintiff admits that venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because this is the district in which the events giving rise to the claim occurred and in which the property that is the subject of the action is situated.

## THE LEASE RELATIONSHIP BETWEEN OFM AND COUNTERCLAIMANTS

7. As to the first, second, and third sentences of paragraph 7, Plaintiff admits only that counterclaimants signed a lease to rent the Premises on May 1, 1996, which specified that the term was three years, to begin on May 1, 1996 and end on April 30, 1999. As to the fourth sentence, plaintiff admits only that a security deposit of $3,500 was obtained under the terms of the 1996 lease and placed in an interest-bearing account. Plaintiff avers that subsequent leases for the Premises do not state that the security deposit should be in an interest bearing account. Plaintiff denies all other allegations contained in paragraph 7.

8. Deny. Plaintiff avers that on or about June 18, 2002, plaintiff entered into a written lease with counterclaimants, which was separate from and subsequent to the 1996 lease, for their use and occupancy of the Premises as a single-family residence. The lease was for a three year term, beginning June 1, 2002 and extending through May 31, 2005. Under the terms of the 2002 lease agreement, counterclaimants were to pay $4,900 per month during the first year beginning with the commencement of the lease. Thereafter, counterclaimants were to pay rent as follows: $5,150 per month from June 1, 2003 through May 31, 2004, and $5,400 per months from June 1, 2004 through May 31, 2005. The rent payment was due on the first day of the month. Rent received later than the tenth day of the month was to be accompanied by a late fee equivalent to 5% of the rent payable for such month.

Counterclaimants paid a security deposit of $3,500.

9. Denies. Plaintiff avers that under the terms of the 2002 lease, plaintiff was responsible for "maintaining all elements of the structure". Plaintiff further avers that the terms of the 2002 lease did not require plaintiff to maintain fixtures and equipment in good repair, or keep the Premises "free of vermin and pests." Plaintiff further avers that under the terms of the 2002 lease, counterclaimants, were responsible for both maintaining and at the end of the tenancy returning all equipment and fixture therein in a good condition, and for pest control.

10. Denies.

11. As to the first sentence of paragraph 11, admit only that counterclaimants submitted a list of expenditures in a January 2004 letter. Plaintiff denies that expenses were for "carrying out OFM's obligations". Admit that OFM stated to defendants in a phone conversation a few days thereafter that OFM would probably refuse to recognize most of the expenditures because counterclaimants never gave the required prior notice of possible repairs. Plaintiff denies all other allegations contained in paragraph 11.

12. Plaintiff admits only that counterclaimants, after its conversation with OFM referred to in paragraph 11 above, submitted another record of expenditures. Plaintiff denies all other allegations contained in paragraph 12.

13. As to the first sentence, deny. As to the second sentence, plaintiff admits that "no communication was received from OFM in February 2004". Plaintiff avers, however, that counterclaimants were advised in January 2004 that OFM would refuse to recognize most of the expenditures, and under the 2002 lease notice to plaintiff was required before any repairs were initiated to determine if payment would be approved. Plaintiff further avers that

counterclaimants never complied with the requirement to provide prior notice of repairs or replacements.

14. Plaintiff denies that any of its "expenditures" were absorbed by counterclaimants, or were authorized under the 2002 lease. Plaintiff lacks sufficient knowledge and information to admit or deny the remaining allegations in paragraph1 4, and therefore denies the same.

15. Plaintiff denies that counterclaimants incurred any expenses that were "properly OFM's, because counterclaimants did not provide prior notice of expenditures or obtain approval by OFM as required under the 2002 lease. **Plaintiff admits that counterclaimants withheld part of the rent due in April, 2004.** Plaintiff lacks sufficient knowledge and information to admit or deny the remaining allegations in paragraph1 15, and therefore denies the same. Plaintiff avers that counterclaimants' admitted failure to pay rent in April, 2004 violated the 2002 lease.

16. **Plaintiff admits only that counterclaimants failed to pay rent (*i.e.*, "withhold the rent") in May, 2004.** Plaintiff lacks sufficient knowledge and information to admit or deny the remaining allegations in paragraph1 16, and therefore denies the same. Plaintiff avers that counterclaimants' admitted failure to pay rent, violated the 2002 lease. Plaintiff further avers that, because counterclaimants did not provide prior notice of expenditures or obtain approval by OFM as required under the 2002 lease, any expenditures for repairs did not offset rent due.

17. Admits the allegations in paragraph 17, but denies any suggestion that any additional communication with counterclaimants, or visits to the Premises, were required under the 2002 lease , or was responsible for counterclaimants' admitted failure to pay rent.

18 Plaintiff admits the first and second sentences, except that plaintiff denies counterclaimants' suggestion in the second sentence that OFM was required to give notice that a

walk-through or inspection was necessary. Plaintiff avers that counterclaimants were responsible for inspecting the premises to ensure its condition was consistent with the requirements under the 2002 lease and were obligated to provide notice before vacating the Premises –both of which counterclaimants failed to do. Plaintiff admits that the third sentence, except it denies counterclaimants' suggestion that any further communication from OFM was required under the 2002 lease, or was necessary under the circumstances from a practical standpoint.

19. Because counterclaimants failed to provide notice, plaintiff lacks sufficient knowledge and information to admit or deny the allegations in the first sentence of paragraph 19, and therefore denies the same. As to the second sentence, plaintiff admits only that Premises was shampooed, landscaped, and cleared of trash. Plaintiff avers, however, that counterclaimaints left the Premises in such poor condition that $11,000 worth of repairs, which were counterclaimants' responsibility under the 2002 lease, was necessary after counterclaimants vacated the Premises without notice.

20. Admits.

21. Denies.

### OFM'S BREACH OF THE LEASE ARRANGEMENT

22. Denies.

### OFM'S UNJUST ENRICHMENT

23. Denies.

24. Denies. Plaintiff avers that counterclaimants were obligated under the 2002 lease to pay for pest control.

25. Admits.

-6-

## COUNT I

### Breach of Contract

26. Plaintiff repeats and incorporates its responses set forth to paragraphs 1 through 25 inclusively, as set forth above.

27. The allegations contained in paragraph 27 constitute conclusions of law and counterclaimants' characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute conclusions of law and counterclaimants' characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## COUNT II

### Unjust Enrichment

29. Plaintiff repeats and incorporates its responses set forth to paragraphs 1 through 28 inclusively, as set forth above.

30. The allegations contained in paragraph 30 constitute conclusions of law and counterclaimants' characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 constitute conclusions of law and counterclaimants' characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

[**Demand for Relief**]

[32] (a)   Plaintiff denies that counterclaimant is entitled to the relief set forth in paragraph [32] (a), or to any relief whatsoever.

[33] (b)   Plaintiff denies that counterclaimant is entitled to the relief set forth in paragraph [33] (b), or to any relief whatsoever.

[34] (c)   Plaintiff denies that counterclaimant is entitled to the relief set forth in paragraph [34] (c), or to any relief whatsoever.

[35] (f) [(d)]   Plaintiff denies that counterclaimant is entitled to the relief set forth in paragraph [35] (f) [d], or to any relief whatsoever.

36.   Plaintiff denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, the plaintiff respectfully requests that this counterclaim be dismissed with prejudice and that the Court grant plaintiff such relief as it deems appropriate.

DATED: October 24, 2005            Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　KENNETH L. WAINSTEIN, D.C. BAR #451058
　　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　R. CRAIG LAWRENCE, D.C. BAR #171538
　　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　PAUL A. MUSSENDEN,
　　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　　　　　501 3rd Street, NW,
　　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20530
　　　　　　　　　　　　　　　　　　　　　　　　(202) 305-4740