FILE

# WILLIAM P. TEDARDS, JR.
1101 30th Street, N.W., Suite 500
Washington, DC 20007

TEL: 202 797 9135
FAX: 202 797 9139

April 9, 1999

**VIA COURIER**

Richard Massey
Office Director, Real Estate
U.S. Department of State
Office of Foreign Missions
2201 C Street, N.W., Room 2238
Washington, DC 20520

    Re:   Lease - 3410 Garfield Street, N.W.

Dear Richard:

Thank you for considering our comments on the various issues. I am enclosing the executed lease and look forward to our continuing relationship.

We would like to take you up on your suggestion of an energy management analysis to see if we can reduce the utility bills and will contact Carolyn to see what can be arranged.

We may also do some independent investigation of the water problems on the back end of the house and will advise you if we learn anything further.

Sincerely,

William P. Tedards, Jr.

WPT/8231
Enclosures (2)

LEASE AGREEMENT

Landlord and Tenant agree to lease the Premises at the rent and for the terms stated on this lease and on the attached addendums:

|  |  |
|---|---|
| LANDLORD: | Office of Foreign Missions<br>Department of State<br>2201 C Street, N.W.<br>Room 2238<br>Washington, D.C. 20520 |
| TENANTS: | William P. Tedards, Jr.<br>Yvonne Tedards |
| Premises: | 3410 Garfield Street, N.W.<br>Washington, D.C. 20008 |
| Lease Term: | 3 Years; beginning May 1, 1999 through April 30, 2002. Tenant may submit a written 120 day (4 month) notice to landlord on the First of the month to vacate premises. |

USE OF PREMISES    The Premises will be occupied by: (I) Tenant, his/her spouse (if any), and his/her children (if any) as their personal residence; (ii) Tenant's personal servants and employees; and/or (iii) approved subtenants or approved assignees and their respective families, and for no other purpose. It is understood and agreed by all parties that the premises will be used for residential purposes and such use shall not be in conflict with any zoning restrictions and shall not be disruptive of neighbors' peaceful enjoyment of their property.

RENT    Rental payments shall be made as follows:

The lease commencement date shall be <u>May 1, 1999</u>. At this time, Tenant is to pay the sum of <u>$4,400</u> for the month of May. Thereafter, the agreed amount of <u>$4,400</u> per month shall be payable on the first of each month, during the first year of the term of the lease payable on the first of each month during the remainder of the first year of the lease. Then the following lease terms shall be: <u>May 1, 2000, through April 30, 2001; $4,500.00; and May 1, 2001, through April 30, 2002; $4,600.00</u>.

The rent payment for each month must be paid on the first day of that month at Landlord's address set forth above. Rent received later than the tenth business day of the month must be accompanied by a late fee equivalent to 5% of the rent payable for such month. Such late fee will be deemed additional rent. In no event may any amount be subtracted from it. If Tenant fails to pay any additional rent on time, Landlord shall have the same rights against Tenant as if it were a failure to pay rent.

1

| | |
|---|---|
| SECURITY | At the time the lease is signed the Tenant has already given the Landlord a security deposit in the amount of $3,500.00 (payment rendered on 5/1/96). If Tenant fully complies with all the terms of this lease, Landlord will return the security deposit to Tenant within thirty (30) days after the term ends. Landlord shall place the security deposit in an interest bearing account paying the prevailing rate. Tenant shall be entitled to the interest earned on such security deposit, less one percent (1%) of such interest which Landlord may retain for administrative costs. If Tenant does not fully comply with the terms of this lease, Landlord may, following the expiration of the applicable grace and cure periods after notice, use the security deposit to pay amounts owed by Tenant pursuant to this lease. If during the course of this lease, Landlord sells the Premises, Landlord will transfer the security deposit to the buyer and, in that event, Tenant will look to the buyer for the return of the security deposit. TENANT MAY NOT UTILIZE THE SECURITY DEPOSIT AS RENT AND SHALL NOT APPLY SAME TO THE LAST MONTH'S RENT. |
| UTILITIES AND SERVICES | Tenant shall pay for the following utilities and services when billed by the public utility or other third party supplying same: gas, water, electric, telephone, exterminating, and trash removal. Tenant shall also pay any required security deposit for these and other utilities when due. |
| MAINTENANCE RESPONSIBILITIES AND COSTS | Tenant shall promptly remove ice and snow from all walks, steps and drives; and shall generally maintain grounds in good condition. As needed, tenant will keep premises, including gutters and grounds, free of leaves and debris. Additionally, Tenant will be responsible for providing all security system maintenance and repair. |
| REPAIRS AND ALTERATIONS | At his own expense, tenant shall keep in a state of good repair, maintenance, and cleanliness, all parts of the Premises. Structural elements include plumbing, heating, air conditioning, gas and electrical systems, kitchen appliances, bathroom fixtures, all of which Landlord hereby agrees to maintain and repair. Nothing contained herein or otherwise is intended to nor shall cause Tenant to be responsible for repairing or maintaining the structural elements or roof of the Premises, all of which Landlord hereby agrees to maintain and repair. Tenant shall notify Landlord of repairs needed. Tenant shall pay the first $100.00 charged for any repairs. If Tenant fails to maintain the Premises as aforesaid, Landlord may, following the expiration of the applicable grace and cure periods after notice, make such repairs and charge Tenant the reasonable cost of same. |

2

|  |  |
|---|---|
|  | Tenant may not alter, change or add to the Premises without the advance permission of Landlord. Landlord shall have thirty (30) calendar days following Tenant's written request for such permissions in which to notify Tenant of any disapproval. Work which is not disapproved within that time shall be deemed approved. All permits or fees which may be required in connection with an approved request shall be at Tenant expense. |
| FIRE, DAMAGE | Tenant shall give Landlord immediate notice in case of fire or other damage to the Premises. Landlord will have the right to repair the damage within a reasonable period of time or if the damage is so substantial that it cannot be repaired within a reasonable period of time, to cancel this lease. Tenant shall pay rent only to the date of the fire or damage. If Landlord does not repair the Premises within three months of date of damage Tenant shall have the right to terminate the lease. |
| LIABILITY | Landlord shall not be liable for loss, expense or damage to any person or property caused by Tenant, Tenant's family, guests, invitees, independent contractors or employees. Tenant is responsible for all acts of Tenant, Tenant's Family, employees, guests, independent contractors and invitees. Tenant shall not be responsible for damage caused by Landlord, his servants, employees, independent contractors or invitees. |
| ASSIGNMENT, SUBLET | Tenant may not sublet any part of the Premises, or assign this lease or permit any other person to use the Premises except with the advance written permission of Landlord. |
| LANDLORD MAY ENTER, KEYS, SIGNS | Except in cases of life-threatening or property-threatening emergency, Landlord will give Tenant reasonable notice or request permission and will only enter the Premises at reasonable times, to examine, make repairs or alterations, or to show the Premises to possible buyers, lenders or tenants. Tenant shall give to Landlord keys to all locks. Locks may not be changed or additional locks installed without Landlord's advance consent, which consent shall not be unreasonably delayed or withheld. |
| CONDEMNATION | If all of the premises is taken or condemned by a legal authority, the term hereof, and Tenant's rights hereunder, shall end as of the date the authority takes title of the Premises. If a material part of the Premises is taken, Landlord may cancel this lease on notice to Tenant setting forth a cancellation date not less than thirty (30) days from the date of the notice. If the lease is canceled, tenant shall deliver the Premises to Landlord on the cancellation date together with all rent due to that date. The award for any taking shall be apportioned between Landlord, who is entitled to that portion derived from the state of the Premises on the |

|  |  |
|---|---|
|  | date this lease is signed (and any improvements made by Landlord) and Tenant, who is entitled to that portion derived from any improvements made by Tenant. |
| COMPLIANCE WITH AUTHORITIES | Tenant shall, at Tenant's cost, promptly comply with all laws, orders, rules and directions of all governmental authorities, insurance carriers, or Board of Fire Underwriters, if any.  If Tenant causes Landlord's insurance premiums to be increased, Tenant shall compensate Landlord for such additional costs. |
| TENANT'S DEFAULTS AND LANDLORD'S REMEDIES | A. Landlord shall give: (I) ten (10) days written notice to Tenant to cure any failure to pay rent or additional rent on time; and (ii) thirty (30) days written notice to tenant to cure: (a) an unapproved assignment of this lease, unapproved subletting of all or part of the Premises or allowing another to use the Premises without Landlord's approval; (b) unlawful conduct by Tenant or another occupant of the Premises; or (c) any other default under this lease.

B.  If Tenant fails to correct a default within the applicable period set forth above after notice, Landlord may cancel this lease by giving tenant a written ten (10) day notice stating the date the term will end. On that date the term hereof and tenant's rights in this lease shall end and Tenant shall leave Premises and give Landlord the keys.  Tenant shall continue to be responsible for rent accrued prior to such termination as well as for all other obligations that accrued under this lease prior to such termination in respect of time periods prior thereof.

C.  If this lease is canceled, Landlord may, in addition to its other remedies hereunder, (a) remove any person or property therefrom; or (b) use dispossess, eviction or other lawsuit method to take back the Premises.

D.  If the Lease is terminated as result of Tenant's default hereunder beyond all applicable grace and cure periods, Landlord may re-rent the Premises and anything in it for any term.  Landlord may re-rent for lower rent and give allowances to the new tenant. Tenant shall be responsible for Landlord's reasonable costs or re-renting. |
| CORRECTING TENANT'S DEFAULT | If Tenant fails to correct a default hereunder after the expiration of the applicable grace and cure period following notice, Landlord may correct it for Tenant at Tenant's expense. |
| CANCELLATION | In the event that custodial responsibility for the Premises is relinquished by the Department of State, this Lease may be terminated upon one hundred twenty (120) days written notice prior to the rent due date to vacate the Premises without damage to Landlord.  Otherwise, except in the cases of |

4

|  |  |
|---|---|
|  | an uncured default by Tenant or unrepairable damage covered in the paragraph entitled "TENANT'S DEFAULTS AND LANDLORD'S REMEDIES" Landlord will not terminate this Lease. |
| ILLEGALITY | If any part of this lease is not legal, the rest of the lease will be unaffected; provided, however, that Tenant shall have no obligation under the lease if Landlord does not provide Tenant with use and occupancy and quiet enjoyment of the premises. |
| NO WAIVER | Landlord's failure to enforce any terms of this lease shall not prevent Landlord from enforcing such terms at a later time. |
| QUIET ENJOYMENT | Landlord agrees that if Tenant pays the rent and is not in default under this lease, Tenant may peaceably and quietly have, hold and enjoy the premises for the term of this lease. |
| SUCCESSORS | This lease is binding on Landlord and will inure to the benefit of all parties who lawfully succeed to the rights or take the place of Tenant. |
| REPRESENTATIONS, CHANGES IN LEASE | Tenant has read this lease. All promises made by Landlord are in this lease. There are no others. This lease may be changed only by an agreement in writing signed by and delivered to each party. |
|  | PARAGRAPH HEADINGS |
|  | The paragraph headings are for convenience only. |
| EFFECTIVE DATE | This lease is effective when Landlord delivers to Tenant a copy signed by all parties. |
| INSURANCE | Tenant shall be responsible for obtaining or seeing that Tenant's contractors performing the approved renovation, alteration and repair work have adequate insurance. |
| VEHICLE PARKING | No automobile, truck, motorcycle, trailer or other vehicle may be kept on premises without proper registration, such as license plates and state sticker. Vehicle must be in operating condition if parked on premises. |
| PROPERTY ABANDONED | Any property which is left on the premises for more than seven (7) days after termination of the tenancy shall be considered to be abandoned by the Tenant or other owner and shall, at Landlord option, become Landlord's property and Landlord may dispose of it without liability to Landlord, all at the expense of the Tenant. |
| ACCEPTANCE OF PROPERTY | The Tenant acknowledges that he has examined the leased premises and his acceptance of this lease is conclusive evidence that said premises are in good and satisfactory order and repair unless otherwise specified herein. The Tenant agrees that no other agreement has been made to redecorate, repair or improve |

5

|              | |
|--------------|--|
|              | the premises unless hereinafter set forth specifically in writing. The Landlord will deliver the leased premises and all common areas in clean, safe and sanitary condition, free of rodents and vermin, in a habitable condition, and in compliance with all applicable laws. |
| AUTHORITY    | This lease is being entered into pursuant to the Foreign Missions Act of 1982, 22 U.S.C. Section 4308(d) in that it is "entered into without regard to laws and regulations otherwise applicable to solicitation, negotiation, administration, and performance of government contracts." |
| GUARANTY     | The Landlord and the Tenant understand and agree that payment of rent under the Rent Clause herein has been guaranteed in accordance with the Guaranty attached hereto as Attachment A and incorporated by reference herein. |

LANDLORD:                                    TENANT:

_____              *[signature]*
NAME: Theodore E. Strickler                  NAME: William P. Tedards, Jr.

TITLE: Deputy Asst. Secretary                *[signature]*
       Office of Foreign                     NAME: Yvonne Tedards
       Missions


DATE:_____                 DATE:_____

6