LEASE AGREEMENT

Landlord and Tenant agree to lease the Premises at the rent and for the terms stated on this Lease:

    LANDLORD:        Office of Foreign Missions
                         Department of State
                         2201 C Street, N.W.
                         Washington, D.C. 20520

    TENANTS:         William P. Tedards, Jr.
                         Yvonne Tedards

    PREMISES:        3410 Garfield Street, N.W.
                         Washington, D.C. 20008

    LEASE TERM:      The term of this Lease shall be 3 years, beginning June 1, 2002 through May 31, 2005; thereafter the Lease becomes a month-to-month agreement, unless written sixty (60) day notice is given by either party to the other on the first of the month notifying of that party's intention to terminate this Lease and have Tenant vacate the Premises.

*[handwritten annotations: "new", "90 day", "120 day", "?"]*

    USE OF PREMISES:  The Premises will be occupied by: (i) Tenant, his/her spouse (if any), and his/her children (if any) as their personal residence; (ii) Tenant's personal servants and employees. It is understood and agreed by all parties that the Premises will be used for residential purposes and such use shall not be in conflict with any zoning restrictions and shall not be disruptive of neighbors' peaceful enjoyment of their property.

    ASSIGNMENT,
    SUBLET:         Tenant may not sublet any part of the Premises, or assign this Lease or permit any other person to use the Premises.

*[handwritten: "moved"]*

    RENT:            Rental payments shall be made as follows:

                         The lease commencement date shall be June 1, 2002. By June 1, 2002, the Tenant is to pay the sum of $4,900 per month during the first year beginning with the commencement of this Lease. Thereafter, the Tenant shall pay rent as follows: June 1, 2003 through May 31, 2004 - $5,150; and June 1, 2004 through May 31, 2005 - $5,400.

*[handwritten: "reworded"]*

                         The rent payment of each month must be paid on the first day of that month at Landlord's address set forth above. Rent received later than the tenth day of the month must be accompanied by a late fee equivalent to 5% of

>the rent payable for such month. Such late fee will be deemed additional rent. In no event may any amount be subtracted from it. If Tenant fails to pay any additional rent on time, Landlord shall have the same rights against Tenant as if it were a failure to pay rent.

*(new)* Tenant agrees to pay as additional rent a $35.00 charge for all checks returned by the bank for insufficient funds.

SECURITY: The Tenant has already paid the amount of $3,500 on 5/1/96 as a security deposit, for faithful performance of the terms and conditions of this Lease by Tenant. This deposit shall not be construed as advance payment of rent and Tenant shall not apply the security deposit as rent.

*(Bill they owe us for interest to date)*

*(new)* From the first of the month, at least sixty (60) days written notice of intent to vacate must be given to Landlord for refund of Deposit. If vacating, unit may be shown during this 60-day period with notice to the Tenant and during reasonable hours. Refunds of the security deposit shall be made in accordance with this Lease. Tenant shall not be entitled to interest on the Deposit. If Tenant fully complies will the terms of this Lease, Landlord will return the security deposit to Tenant within thirty (30) days after the term ends. If Tenant does not fully comply with the terms of this Lease, Landlord may, following the expiration of the applicable grace and cure periods after notice, use the security deposit to pay amounts owed by Tenant pursuant to this Lease. Tenant may not utilize the security deposit as rent and shall not apply same to the last month's rent.

UTILITIES AND SERVICES: Tenant shall pay for the following utilities and services when billed by the public utility or other third party supplying same: gas, water, electric, telephone, exterminating, and trash removal.

MAINTENANCE RESPONSIBILITIES AND COSTS: Tenant shall maintain and at the end of the tenancy return the Premises and all equipment fixtures therein in as good condition as when the Tenant took possession, ordinary wear and tear excepted, failing which the Landlord may restore the Premises, equipment and fixtures to such condition and Tenant shall pay the cost thereof upon request.

*(Left out structural elements maintenance See P.2 of old lease)*

2

*new* ⟨Tenant shall⟩ keep grass, shrubs and trees cut, ⟨trimmed and maintained;⟩ promptly remove ice and snow from all walks, steps and drives; and shall generally maintain grounds in good condition. As needed, Tenant shall keep gutters and grounds free of leaves and debris. Additionally, Tenant will be responsible for providing all security system maintenance and repair.

REPAIRS AND
ALTERATIONS: *reword*

Tenant shall promptly report in writing to the Office of Foreign Missions any ~~defect, damage, malfunction or breakage.~~ ~~At his/her own expense,~~ not to exceed ($200) per repair, Tenant shall keep all parts of the Premises, including appliances and equipment therein, in a state of good repair and cleanliness. Such charges shall ~~be paid within 30~~ days of notice and will be deemed additional rent. If Tenant fails to pay ~~any additional rent~~, Landlord shall have the same rights against Tenant as if ~~it were a failure to pay rent.~~

*Same* ⟨Nothing contained herein or otherwise is intended to nor shall cause the Tenant to be responsible for repairing or maintaining the structural elements or roof of the Premises, all of which Landlord hereby agrees to maintain and repair.⟩ If Tenant fails to maintain the Premises as aforesaid, Landlord may, following the expiration of the applicable grace and cure periods after notice, make such repairs and charge Tenant the reasonable cost of the same.

Tenant may not alter, change or add to the Premises without the advance written permission of Landlord. Landlord shall have thirty (30) calendar days following Tenant's written request for such permissions in which to notify Tenant of approval/disapproval. *new* ⟨All permits or fees which may be required in connection with an approved request shall be at Tenant's expense.⟩

FIRE, DAMAGE:    Tenant shall give Landlord immediate notice in case of fire or other damage to the Premises. Landlord will have the right to repair the damage within a reasonable period of time or if the damage is so substantial that it cannot be repaired within a reasonable period of time, to cancel this Lease. Tenant shall pay rent only to the date of the fire or damage. If Landlord does not repair the Premises within three months of date of damage, Tenant shall have the right to terminate this Lease.

LIABILITY:    Landlord shall not be liable for loss, expense or damage to any person or property caused by

3

Tenant, Tenant's family, guests, invitees, independent contractors or employees. Tenant is responsible for all acts of Tenant, Tenant's family, employees, guests, independent contractors and invitees. Tenant shall not be responsible for damage caused by Landlord, his/her servants, employees, independent contractors or invitees.

**INSURANCE:** Landlord shall not be liable for any loss of Tenant's property caused by, including but not limited to, fire, flood or theft. Tenant hereby acknowledges this and agrees to make no such claims for any losses or damages against Landlord.

Tenant is strongly encouraged to obtain Renter's Insurance to protect Tenant's personal belongings.

**LANDLORD MAY ENTER, KEYS:** Except in cases of life threatening or property threatening emergency, Landlord will give Tenant reasonable notice or request permission and will only enter the Premises at reasonable times, to examine, make repairs or alterations, or to show the Premises to possible tenants. Tenant shall give to Landlord keys to all locks. Locks may not be changed or additional locks installed without Landlord's advance written consent, which consent shall not be unreasonably delayed or withheld.

**TENANT'S DEFAULTS AND LANDLORD'S REMEDIES:**

A. Landlord shall give: (i) ten (10) days written notice to Tenant to cure any failure to pay rent or additional rent on time; and (ii) thirty (30) days written notice to Tenant to cure: (a) unlawful conduct by Tenant or another occupant of the Premises; or (b) any other default under this Lease.

B. If Tenant fails to correct a default within the applicable period set forth above after notice, Landlord may cancel this Lease by giving Tenant a written ten (10) days notice stating the date the term will end. On that date the term hereof and Tenant's rights in this Lease shall end and Tenant shall leave Premises and give Landlord the keys. Tenant shall continue to be responsible for rent accrued prior to such termination as well as for all other obligations that accrued under this Lease prior to such termination.

C. If this Lease is canceled, Landlord may, in addition to its other remedies hereunder, (i) remove any person or property therefrom; or (ii) use dispossess, eviction or other lawsuit

4

*(new)* method to take back the Premises. Tenant shall be responsible for Landlord's cost of removal of persons and/or property.

D. If the Lease is terminated as result of Tenant's default hereunder beyond all applicable grace and cure periods, Landlord may re-rent the Premises and anything in it for any term. Landlord may re-rent for lower rent and give allowances to the new tenant. Tenant shall be responsible for Landlord's reasonable costs of re-renting.

*(new placement)* E. If Tenant fails to correct a default hereunder after the expiration of the applicable grace and cure period following notice, Landlord may correct it for Tenant at Tenant's expense.

NOTICES: *(new)* A notice under this Lease (the "Notice") must be in writing and delivered to the persons at the addresses set forth below:

For the LANDLORD:

United States Department of State
Office of Foreign Missions
Room 2238
2201 C Street, N.W.
Washington, D.C. 20520

FAX: 202/647-1919

For the TENANT:

William and Yvonne Tedards
3410 Garfield Street, N.W.
Washington, D.C. 20007

FAX: 202/338-2226

A Notice will be considered delivered on the day it is mailed or faxed or, if not mailed or faxed, when hand-delivered to the proper address. Any notice that is mailed must be sent by certified mail.

CANCELLATION: In the event that custodial responsibility for the Premises is relinquished by the Department of State, this Lease may be terminated *(new)* during the initial 3 year term of this Lease upon one hundred twenty (120) days written notice and *(new)* thereafter upon sixty (60) days written notice prior to the rent due date to vacate the Premises without damage to Landlord.

ILLEGALITY: If any part of this Lease is not legal, the rest of the Lease will be unaffected; provided,

5

however, that Tenant shall have no obligation under the Lease if Landlord does not provide Tenant with use and occupancy and quiet enjoyment of the Premises.

**NO WAIVER:** Landlord's failure to enforce any terms of this Lease shall not prevent Landlord from enforcing such terms at a later time.

**QUIET ENJOYMENT:** Landlord agrees that if Tenant pays the rent and is not in default under this Lease, Tenant may peaceably and quietly have, hold and enjoy the Premises for the term of this Lease.

**REPRESENTATIONS, CHANGES IN LEASE:** Tenant has read this Lease. All promises made by Landlord are in this Lease. There are no others. This Lease may be changed only by an agreement in writing signed by and delivered to each party.

**PARAGRAPH HEADINGS:** The paragraph headings are for convenience only.

**PETS:** None allowed.

**PROPERTY ABANDONED:** Any property which is left on the Premises for more than seven (7) days after termination of the tenancy shall be considered to be abandoned by the Tenant or other owner and shall, at Landlord option, become Landlord's property and Landlord may dispose of it without liability to Landlord, all at the expense of the Tenant.

**ACCEPTANCE OF PROPERTY:** The Tenant acknowledges that he/she has examined the leased Premises and his/her acceptance of this Lease is conclusive evidence that said Premises are in good and satisfactory order and repair unless otherwise specified herein. The Tenant agrees that no other agreement has been made to redecorate, repair or improve the Premises unless hereinafter set forth specifically in writing. The Landlord will deliver the leased Premises and all common areas in clean, safe and sanitary condition, free of rodents and vermin, in a habitable condition and in compliance with all applicable laws.

[Handwritten annotation: Attach list of defects & necessary repairs; painting]

**AUTHORITY:** Tenant hereby acknowledges and understands that the Premises is diplomatic property of the Government of Iran under the custody of the Landlord. Tenant further acknowledges and understands that this Lease is entered into pursuant to, and in furtherance of, the Landlord's obligations and responsibilities under, inter alia, the Foreign Missions Act, 22 U.S.C. § 4301 et seq. (the "FMA"), the Vienna Conventions on Diplomatic and Consular

[Handwritten annotations: "new", "new", "new"]

6

*new* (Relations, and the International Emergency Economic Powers Act, 50 U.S.C. § 1701 et seq.

Tenant acknowledges that the FMA and the federal common law shall apply to the Lease and that this Lease is not subject to the laws and regulations applicable to landlords and tenants in the District of Columbia.

| LANDLORD: | TENANT: |
|---|---|
| NAME: Theodore E. Strickler | NAME: William P. Tedards, Jr. |
| TITLE: Deputy Asst. Secretary Office of Foreign Missions | NAME: Yvonne Tedards |
| DATE: | DATE: |

Miller/Garfield/-Lease 2002-Tedards

## Repair List

① front door - warped, veneer falling off
② side door - warped
③ Water leaks - from front door + side door

1st floor
Kitchen

④ Flooring is pulling away in kitchen, pantry + den
⑤ some lite fixtures need ends replaced
⑥ receptacles blown
⑦ double doors warped

FILE

LEASE AGREEMENT

Landlord and Tenant agree to lease the Premises at the rent and for the terms stated on this lease and on the attached addendums:

| | |
|---|---|
| LANDLORD: | Office of Foreign Missions<br>Department of State<br>2201 C Street, N.W.<br>Room 2238<br>Washington, D.C. 20520 |
| TENANTS: | William P. Tedards, Jr.<br>Yvonne Tedards |
| Premises: | 3410 Garfield Street, N.W.<br>Washington, D.C. 20008 |
| Lease Term: | 3 Years; beginning May 1, 1999 through April 30, 2002. Tenant may submit a written 120 day (4 month) notice to landlord on the First of the month to vacate premises. |

USE OF PREMISES  The Premises will be occupied by: (I) Tenant, his/her spouse (if any), and his/her children (if any) as their personal residence; (ii) Tenant's personal servants and employees; and/or (iii) approved subtenants or approved assignees and their respective families, and for no other purpose. It is understood and agreed by all parties that the premises will be used for residential purposes and such use shall not be in conflict with any zoning restrictions and shall not be disruptive of neighbors' peaceful enjoyment of their property.

*Cut*

RENT  Rental payments shall be made as follows:

The lease commencement date shall be <u>May 1, 1999</u>. At this time, Tenant is to pay the sum of ■■■■ for the month of May. Thereafter, the agreed amount of ■■■■ per month shall be payable on the first of each month, during the first year of the term of the lease payable on the first of each month during the remainder of the first year of the lease. Then the following lease terms shall be: <u>May 1, 2000, through April 30, 2001;</u> ■■■■; and <u>May 1, 2001, through April 30, 2002;</u> ■■■■.

*reinde*

The rent payment for each month must be paid on the first day of that month at Landlord's address set forth above. Rent received later than the tenth business day of the month must be accompanied by a late fee equivalent to 5% of the rent payable for such month. Such late fee will be deemed additional rent. In no event may any amount be subtracted from it. If Tenant fails to pay any additional rent on time, Landlord shall have the same rights against Tenant as if it were a failure to pay rent.

1

| | |
|---|---|
| SECURITY *[reword]* *cut* | At the time the lease is signed the Tenant has already given the Landlord a security deposit in the amount of ███████ (payment rendered on 5/1/96). If Tenant fully complies with all the terms of this lease, Landlord will return the security deposit to Tenant within thirty (30) days after the term ends. Landlord shall place the security deposit in an interest bearing account paying the prevailing rate. Tenant shall be entitled to the interest earned on such security deposit, less one percent (1%) of such interest which Landlord may retain for administrative costs. ~~If Tenant does not fully comply with the~~ terms of this lease, Landlord may, following the expiration of the applicable grace and cure periods after notice, use the security deposit to pay amounts owed by Tenant pursuant to this lease. If during the course of this lease, Landlord sells the Premises, Landlord will transfer the security deposit to the buyer and, in that event, Tenant will look to the buyer for the return of the security deposit. TENANT MAY NOT UTILIZE THE SECURITY DEPOSIT AS RENT AND SHALL NOT APPLY SAME TO THE LAST MONTH'S RENT. |
| UTILITIES AND SERVICES *cut* | Tenant shall pay for the following utilities and services when billed by the public utility or other third party supplying same: gas, water, electric, telephone, exterminating, and trash removal. Tenant ~~shall also pay any required~~ security deposit for these and other utilities when due. |
| MAINTENANCE RESPONSIBILITIES AND COSTS | Tenant shall promptly remove ice and snow from all walks, steps and drives; and shall generally maintain grounds in good condition. As needed, tenant will keep premises, including gutters and grounds, free of leaves and debris. Additionally, Tenant will be responsible for providing all security system maintenance and repair. |
| REPAIRS AND ALTERATIONS *cut* *save* *reword* | At his own expense, tenant shall keep in a state of good repair, maintenance, ~~and cleanliness, all parts of the Premises.~~ Structural elements include plumbing, heating, air conditioning, gas and electrical systems, kitchen appliances, bathroom fixtures, all of which Landlord ~~hereby agrees~~ to maintain and repair. Nothing contained ~~herein or otherwise~~ is intended to nor shall cause Tenant to be responsible for repairing or maintaining the structural elements or roof of the Premises, all of which Landlord ~~hereby agrees to maintain~~ and repair. Tenant ~~shall notify~~ Landlord of repairs needed. ~~Tenant shall pay the first~~ ███ ~~charged~~ for any repairs. If Tenant fails to maintain the Premises as aforesaid, Landlord may, following the expiration of the applicable grace and cure periods after notice, make such repairs and charge Tenant the reasonable cost of same. |

2