UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF COLUMBIA

| UNITED STATES OF AMERICA, | ) | Civil Action No.: |
| --- | --- | --- |
|  | ) | 1:05-CV-00991-JGP |
| Plaintiff, | ) |  |
| v. | ) |  |
|  | ) |  |
| WILLIAM P. TEDARDS, JR.,and | ) |  |
| YVONNE TEDARDS, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
| _____ | ) | **Jury Trial Demanded** |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS, SOME OF WHICH ARE UNDISPUTED AND SOME OF WHICH PRESENT A GENUINE ISSUE TO BE DETERMINED BY THE TRIER OF FACT**

|  | **Relevant Lease Terms Governing Repairs of the Premises** ||
| --- | --- | --- |
|  | FACTS | SUPPORTING EVIDENCE: |
| 1. | The building under lease was large and very expensive to maintain and maintenance obligations in the lease were material obligations. | Opposition Exh.1 (08/14/06 Decl. of William Tedards), ¶2. |

DEFENDANTS' STATEMENT OF MATERIAL FACTS,
SOME OF WHICH ARE UNDISPUTED AND SOME
OF WHICH PRESENT A GENUINE ISSUE
TO BE DETERMINED BY THE TRIER OF FACT

1

Case No. 05-CV-00991-JGP

| 2. | In the first several years of the tenancy (1996-2002), the OFM spent approximately $125,000 carrying out its repair obligations. | Id. |
|---|---|---|
| 3. | Over several years the repair responsibilities were discussed extensively because it is a very expensive property to maintain, and the repair provision was changed from lease to lease. It was adjusted continually. | OFM Exh.8 (Tedards Depo), p. 21, lines 15-18. |
| 4. | In the first lease period (1996-1999) the repair provision read as follows:<br><br>"At his own expense, tenant shall keep in a state of good repair, maintenance, and cleanliness, all parts of the Premises. Structural elements include plumbing, heating, air conditioning, gas and electrical systems, kitchen appliances, bathroom fixtures, all of which Landlord hereby agrees to maintain and repair. If Tenant fails to maintain the Premises as aforesaid, Landlord may, following the expiration of the applicable grace and cure periods after notice, make such repairs and charge Tenant the reasonable cost of same." | OFM Exh.1 (the 1996 lease), p. 2, under "Repairs and Alterations," first paragraph |

DEFENDANTS' STATEMENT OF MATERIAL FACTS, SOME OF WHICH ARE UNDISPUTED AND SOME OF WHICH PRESENT A GENUINE ISSUE TO BE DETERMINED BY THE TRIER OF FACT

2

Case No. 05-CV-00991-JGP

| 5. | In the second lease period (1999-2002) the repair provision read as follows:<br><br>"At his own expense, tenant shall keep in a state of good repair, maintenance, and cleanliness, all parts of the Premises. Structural elements include plumbing, heating, air conditioning, gas and electrical systems, kitchen appliances, bathroom fixtures, all of which Landlord hereby agrees to maintain and repair. Nothing contained herein or otherwise is intended to nor shall cause Tenant to be responsible for repairing or maintaining the structural elements or roof of the Premises, all of which Landlord hereby agrees to maintain and repair. Tenant shall notify Landlord of repairs needed. Tenant shall pay the first $100.00 charged for any repairs. If Tenant fails to maintain the Premises as aforesaid, Landlord may, following the expiration of the applicable grace and cure periods after notice, make such repairs and charge Tenant the reasonable cost of same." | OFM Exh.2 (the 1999 lease), p.2, first paragraph under "Repairs and Alterations" |
|---|---|---|

DEFENDANTS' STATEMENT OF MATERIAL FACTS,
SOME OF WHICH ARE UNDISPUTED AND SOME
OF WHICH PRESENT A GENUINE ISSUE
TO BE DETERMINED BY THE TRIER OF FACT

3

Case No. 05-CV-00991-JGP

| | | |
|---|---|---|
| 6. | In the third lease (2002-the end), the repair provision read as follows:<br><br>"Tenant shall promptly report in writing to the Office of Foreign Missions any defect, damage, malfunction or breakage. At his/her own expense, not to exceed $200 per repair, Tenant shall keep all parts of the Premises, including appliances and equipment therein, in a state of good repair and cleanliness. Such charges shall be paid within 30 days of notice and will be deemed additional rent. If Tenant fails to pay any additional rent, Landlord shall have the same rights against Tenant as if it were a failure to pay rent. Nothing contained herein or otherwise is intended to nor shall cause the tenant to be responsible for repairing or maintaining the structural elements or roof of the Premises, all of which Landlord hereby agrees to maintain and repair. If Tenant fails to maintain the Premises as aforesaid Landlord may, following the expiration of the applicable grace and cure periods after notice, make such repairs and charge Tenant the reasonable cost of the same." | OFM Exh.3 (the 2002 lease), p. 3, first paragraph under the heading "Repairs and Alterations" |

DEFENDANTS' STATEMENT OF MATERIAL FACTS,
SOME OF WHICH ARE UNDISPUTED AND SOME
OF WHICH PRESENT A GENUINE ISSUE
TO BE DETERMINED BY THE TRIER OF FACT

4

Case No. 05-CV-00991-JGP

| | | |
|---|---|---|
| 7. | The repair provision in the third lease continued the deductible system for nonstructural items, that had begun with the second lease, but increased the deductible from $100 to $200, i.e., the tenant paid the first $200 for non-structural repairs and the OFM paid the remainder. | Compare the Repair provisions in OFM Exhibits 1-3, quoted above.<br><br>OFM Exh.8 (Tedards Depo), p.17, line 16 - p. 18, line 10 and p. 20, line 18 - p. 22, line 9.<br><br>OFM Exh. 7 (Tedards Depo), p. 53, line 9 - p. 55, line 7. |
| 8. | The OFM applied the deductible system exactly as described above, during the final lease term, charging the tenants for the "deductible" amount of certain repairs. | OFM Exh. 14 (01/12/05 letter from Sonfield to Tedards), p. 4, first two items, charging tenants for deductible amounts on November 5, 2002 and January 21, 2003. |
| 9. | At no time, in any lease, did the repair provision include a requirement that the tenant obtain prior approval before making a repair. | Compare the repair provisions in OFM Exhibits 1-3.<br><br>OFM Exh. 7 (Tedards Depo) p. 55, line 20 - p. 56, line 14. |
| **OFM breached the lease by ignoring notices of necessary repairs during the period October 7, 2002, through February 4, 2003, and then stating on February 5, 2003, that it would not be making regular repairs for some period of time.** | | |
| 10. | On October 7, 2002, the tenants notified the OFM of the current necessary repairs, pursuant to the repair provision. | Opposition Exh. 2 (04/25/06 Declaration of William Tedards), Exhibit 2 to the Declaration, letter of October 7, 2002 to the OFM from the tenants. |
| 11. | The OFM did not respond to the October 7, 2002, notice and did not undertake most of the noticed structural repairs. | Opposition Exh. 2, p. 2, item (a). |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS, SOME OF WHICH ARE UNDISPUTED AND SOME OF WHICH PRESENT A GENUINE ISSUE TO BE DETERMINED BY THE TRIER OF FACT**

5

Case No. 05-CV-00991-JGP

| | | |
|---|---|---|
| 12. | On January 8, 2003, the tenants sent the OFM a second notice, renoticing the structural repairs that had not been addressed and listed new structural repairs that had arisen since the October 7, 2002 letter. | Opposition, Exh. 2 (04/25/06 Declaration of William Tedards) Exh. 3 to the declaration, letter of January 8, 2003 to the OFM from the tenants. |
| 13. | The OFM did not respond to this second notice and did not undertake the noticed structural repairs. | Opposition Exh. 2, p. 2, item b. |
| 14. | On February 5, 2003, the OFM stated in a letter to the tenants that claimants with judgments against Iran had attachee the accounts used by OFM from which maintenance and repair expenses had been paid and that the OFM therefore could not meet its regular repair obligations. | Opposition, Exh. 4, letter of 02/05/03 from OFM to the tenants. |
| 15. | The February 5, 2003, letter further stated that the Justice Department would be moving to quash the attachments and that it would be "some time" before final judicial decisions would be rendered. | Id. |

DEFENDANTS' STATEMENT OF MATERIAL FACTS, SOME OF WHICH ARE UNDISPUTED AND SOME OF WHICH PRESENT A GENUINE ISSUE TO BE DETERMINED BY THE TRIER OF FACT

6

Case No. 05-CV-00991-JGP

| 16. | Upon receipt of the February 5, 2003 letter, William Tedards contacted the OFM by telephone and stated that the tenants would shoulder the repair obligations of the OFM temporarily, and settle the account later. | OFM Exhibit 6 (Deposition of Yvonne Tedards), p. 56, line 18 - p. 58, line 7.<br><br>OFM Exh.7 (Deposition of William Tedards), p. 73, line 12 - p. 78, line 2. |
|---|---|---|
| 17. | The OFM did not reject Mr. Tedards' approach or suggest an alternative. | Id. |
| **The OFM's refusal to compensate the tenants for carrying the OFM's repair obligations after February 5, 2003.** | | |
| 18. | On January 9, 2004, Mr. Tedards notified the OFM that the tenants had expended over $12,000 in the preceding months to perform repair obligations of the OFM under the approach Mr. Tedards had described in the telephone conversation after the February 5, 2003, letter. | Opposition Exhibit 2 (04/25/06 Declaration of William Tedards), Exh. 4 to the Declaration (01/09/04 letter from the tenants to OFM). |
| 19. | On January 14, 2004, after a telephone conversation with the OFM in which the OFM stated that its lawyers would not allow it to offset these expenses against the ongoing rent, Mr. Tedards recapped the situation for the OFM and asked for an opportunity to discuss the matter with the OFM's lawyers. | Id., Exh. 5 to the Declaration, 01/14/04 letter from the tenants to OFM. |

DEFENDANTS' STATEMENT OF MATERIAL FACTS,
SOME OF WHICH ARE UNDISPUTED AND SOME
OF WHICH PRESENT A GENUINE ISSUE
TO BE DETERMINED BY THE TRIER OF FACT

7

Case No. 05-CV-00991-JGP

| 20. | The OFM responded on June 15, 2004, stating that the tenants were in default under the lease and that the concept of crediting the tenants with the OFM expenses they were bearing against ongoing rent payments was "not acceptable" to OFM. | OFM Exhibit 5, 06/15/04 letter from Massey of OFM to the tenants. |
|---|---|---|
| 21. | On July 21, 2004, the OFM issued a notice terminating the lease as of August 23, 2004. | OFM Exhibit 10, 7/21/04 letter from Dent of OFM to the tenants. |

DEFENDANTS' STATEMENT OF MATERIAL FACTS,
SOME OF WHICH ARE UNDISPUTED AND SOME
OF WHICH PRESENT A GENUINE ISSUE
TO BE DETERMINED BY THE TRIER OF FACT

8

Case No. 05-CV-00991-JGP

| 22. | Meanwhile the building continued to deteriorate during the spring of 2004. The following items were reported to the OFM on August 31, 2004:<br><br>"1. the heating/air conditioning system on the entire second floor (the bedroom floor) did not function in 2004: we were subjected to the extreme Washington, D.C. hot and humid spring and summer temperatures without any air conditioning in our bedrooms;<br>2. one of the two heating/air conditioning systems on the top floor went out in June 2004;<br>3. the exhaust fan system in the attic stopped functioning sometime late spring;<br>4. the clothes dryer in the laundry room stopped working in May 2004;<br>5. there were continuing major water leaks during every rain at the front and side doors;<br>6. there were continuing and new water leaks at the windows on the first and second floors;<br>7. there were continuing and new water leaks from both first floor balconies and the master bedroom balcony;<br>8. we had a continuing pest control problem caused by poor seals around the exterior of the windows and disintegrating mortar between the bricks;<br>9. additional window seals became broken (besides the ones previously reported) which caused condensation between the window panes resulting in energy-inefficient windows and astronomical electric utility bills;<br>10. we had continuing issues with toilets that either ran constantly (flushed by themselves) or had to be flushed manually from inside the tank because of mechanical malfunction;<br>11. the thermostat for the upper oven is no longer properly calibrated; the self-cleaning feature no longer functions and sets off a loud buzz when used and can only be shut off at the fuse box;<br>12. a closet rod collapsed in one of the bedroom closets on the second floor wreaking havoc with my business clothes, etc." | Opposition, Exh. 2 (Declaration of William Tedards), Exhibit 7 to the declaration, 08/31/04 letter from the tenants to OFM, items 1-12 on pp. 2-3. |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS,
SOME OF WHICH ARE UNDISPUTED AND SOME
OF WHICH PRESENT A GENUINE ISSUE
TO BE DETERMINED BY THE TRIER OF FACT**

9

Case No. 05-CV-00991-JGP

| **The defendants are not responsible for most of the "cost of restoration" which the OFM has listed (OFM statement of fact No. 25 and OFM Exhibit 12 and Exhibit 14, pp. 6-10)** | | |
|---|---|---|
| 23. | OFM's statement of fact No. 24 is based on the invoices at pages 6-10 of OFM Exhibit 14. | Undisputed. |
| 24. | When the tenants left, they notified the OFM that the OFM could retain the entire security deposit, $3500 plus accrued interest since April of 1996, to cover necessary transitional costs. | Opposition Exhibit 2 (04/25/06 Declaration of William Tedards), Exhibit 7 to the declaration, 08/31/04 letter from the tenants to OFM, at p. 3. |
| 25. | That security deposit was adequate to cover all <u>legitimate</u> transitional costs (approximately $4,000.) | Opposition Exh. 1 (08/14/06 Declaration of William Tedards), Exhibit 1 to the declaration, 02/09/05 letter from Tedards to Sonfield, p. 3, last paragraph. |
| 26. | The remainder of the alleged "restoration" cost quoted in OFM statement of fact No. 25 of more than $11,000 is not attributable to the tenants. The OFM, itself, is responsible for those costs. | Opposition Exh. 1 (08/14/06 Declaration of William Tedards), Exh. 1, 02/09/05 letter from Tedards to Sonfield |

DEFENDANTS' STATEMENT OF MATERIAL FACTS,
SOME OF WHICH ARE UNDISPUTED AND SOME
OF WHICH PRESENT A GENUINE ISSUE
TO BE DETERMINED BY THE TRIER OF FACT

10

Case No. 05-CV-00991-JGP

DATED: August 14, 2006                    Respectfully submitted,

                                                          WILLIAM P. TEDARDS, JR.
                                                          YVONNE TEDARDS

                                                                             /s/
                                          _____
                                          William P. Tedards, Jr. (#143636)
                                          6470 N. Silversmith Place
                                          Tucson, AZ 85750
                                          TEL:  202 797-9135

                                          *Appearing Pro Se*

DEFENDANTS' STATEMENT OF MATERIAL FACTS,
SOME OF WHICH ARE UNDISPUTED AND SOME
OF WHICH PRESENT A GENUINE ISSUE
TO BE DETERMINED BY THE TRIER OF FACT

11                    Case No. 05-CV-00991-JGP

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2006, a true copy of the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT was served by Email, on counsel of record as follows:

Paul A. Mussenden
U.S. Attorney's Office
Civil Division
555 4th Street, NW
Washington, D.C. 20530
TEL:  202 514-7143
FAX: 202 514-8780
Email: paul.mussenden@usdoj.gov

/s/
William P. Tedards, Jr.

DEFENDANTS' STATEMENT OF MATERIAL FACTS,
SOME OF WHICH ARE UNDISPUTED AND SOME
OF WHICH PRESENT A GENUINE ISSUE
TO BE DETERMINED BY THE TRIER OF FACT

12   Case No. 05-CV-00991-JGP