UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No.: |
| | ) | 1:05-CV-0991-JGP |
| Plaintiff, | ) | |
| v. | ) | **Jury Trial Demanded** |
| | ) | |
| WILLIAM P. TEDARDS, JR. and | ) | |
| YVONNE TEDARDS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DECLARATION OF WILLIAM P. TEDARDS, JR.**

William P. Tedards, Jr. declares as follows:

1. My name is William P. Tedards, Jr. I am a party in this lawsuit. I am making this declaration to assist the opposing party in determining the source and monetary value of our (the Defendants') claims.

2. The State Department has provided a list of certain amounts which it claims are due under the lease at issue. The list is attached as EXHIBIT 1 to this affidavit. In order to narrow the range of this dispute, we (the Defendants) intend to pay the amounts claimed in the first five items (two deductible charges and rent for three months).

3. As to the remaining amounts (essentially, rent and fees for May through August of 2004), we intend to apply our affirmative defenses (offset, prior material breach, unclean hands, etc.) to offset the amounts claimed. We will claim the offset based on the cumulative value of the following items:

    a. the ongoing unrepaired items listed in our October 7, 2002 letter (EXHIBIT 2);

    b. the additional unrepaired items listed in our January 8, 2003 letter (EXHIBIT 3);

    c. the amounts we expended for repairs the State Department should have made during the period February 6, 2003 through January 8, 2003, as summarized in our letter of January 9, 2004 (EXHIBIT 4) followed by a more detailed letter on January 14, 2004 (EXHIBIT 5);

    d. the amounts by which the State Department was unjustly enriched as the result of our repairs and necessary replacements, as summarized in our letter of November 30, 2004 (EXHIBIT 6) (without attachments);

    e. the further breakdowns that occurred in the spring of 2004, as described in Paragraphs 14 through 16 of the Counterclaim and summarized in our letter of August 31, 2004 (EXHIBIT 7); and

  f. any amounts remaining from our security deposit, after all legitimate transition costs are accounted for (see Paragraph 4, *infra*.

4. As we have testified, we will contest the $11,572.84 in "restoration" costs alleged by the State Department (Complaint, Paragraph 29) on these grounds:

  a. any transitional costs necessary to switch over to new tenants were more than covered by our leaving our entire security deposit with compounded interest; and

  b. most of the alleged "restoration" costs were to repair deterioration and damage caused by the State Department's neglect, not by us (these repairs were repairs that we had been asking the State Department to make for years).

5. We will not seek counterclaim "damages" beyond the offsets described above.

Under penalty of perjury, I declare the information contained herein to be true and correct to the best of my knowledge, information, and belief.

DATED: April 25, 2006

            _____
            William P. Tedards, Jr.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2006 a true copy of the foregoing **DECLARATION OF WILLIAM P. TEDARDS, JR.** was served by fax and U.S. Mail, first-class, postage-prepaid, on counsel of record as follows:

> Paul Mussenden
> U.S. Attorney's Office
> Civil Division
> 555 4th Street, N.W.
> Washington, D.C. 20530
> TEL: 202 514-7143
> FAX: 202 514-8780

_____
William P. Tedards, Jr.