January 14, 2004

<u>VIA FAX and U.S. MAIL</u>

Lynne Miller
U.S. Department of State
Office of Foreign Missions
2201 C Street, N.W., Room 2238
Washington, D.C.  20520

    Re:  3410 Garfield Street, N.W.

Dear Lynne:

Enclosed is a revised summary of the repair/replacement expenses that we incurred during the past twelve months – expenses which are borne by the State Department under the lease.  I believe these are well documented necessary repairs and replacements, which can be confirmed by the contractors who handled them.  We are not dogmatic about the exact figures.  In the past we have always been able to agree on such things.

On February 5, 2003, we received a letter from Lynwood M. Dent, telling us that "claimants have attached the amounts used by OFM from which maintenance and repair expenses have been paid.  As a result we do not currently have access to those funds."  The letter went on to tell us that "OFM is in the unfortunate position of being unable to respond formally to other than the most serious repair or maintenance requests."  And we know that even the "most serious" requests cannot be met, as you confirmed in our telephone conversation yesterday.

Under these circumstances, it was not unreasonable for us to assume that you could not have assisted us with those repairs and replacements that became necessary over the past year.  Those repairs were important to us and, in some instances, potentially dangerous (exploding glass cooktop, electrical sparks from fixtures, collapsing

Lynne Miller
January 14, 2004
Page 2

fence), but I am reasonably sure that they would not have fallen into the "most serious" category described in the letter.

It was also reasonable for us to document and then handle these repairs and replacements during the year, awaiting a later accounting, rather than notify you each time and try to get you to spend funds you did not have. I recall telling you shortly after the February 5, 2003 letter that we would try to handle your part of the expenses for a while and settle the account later.

Yesterday, we suggested that we settle some of these accumulated expenses by offsetting against some of the base rent. This also seems reasonable to me, but you told me today that attorneys representing the State Department will not allow it. I would like an opportunity to discuss this with them from the legal point of view. On the surface, it would seem that no one, claimants or the State Department, would have an interest in using the attachment order to damage and devalue the property (which is what will happen if we have to stop making repairs).

I am assuming, obviously, that the situation outlined in Mr. Dent's letter of February 5, 2003 continues today and that the State Department does not have other funds available to cover these expenses. That was the impression I got from our conversation yesterday morning. Please let me know if I am wrong about that.

Thanks for your patience. I am sure we can find a reasonable solution.

                                Sincerely,

                                William P. Tedards, Jr.

WPT/8231
Attachment (1)