UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>Plaintiff, )<br>v. ) Civil Action No. 05-0991 (DAR)<br>  )<br>  )<br>WILLIAM P. TEDARDS, JR. )<br>YVONNE TEDARDS, )<br>  )<br>Defendants/ )<br>Counterclaimants. )<br>_____ ) | |

### MOTION TO REOPEN CASE AND REINSTATE COMPLAINT

Plaintiff, U.S. Department of State, Office of Foreign Missions [OFM or United States], respectfully requests that the Court reverse its dismissal of this case and reinstate the Complaint. Defendants/Counterclaimants oppose this motion.

For cause, Plaintiff states as follows:

1. On July 26, 2007, the parties engaged in mediation before a private mediator to resolve the claims and counterclaims in the above-captioned matter.

2. Mr. Tedards, Jr., an attorney at law representing himself in this litigation, appeared on behalf of himself and also represented that he appeared on behalf of Defendant Yvonne Tedards, his wife.

3. Undersigned counsel as well as a representative with settlement authority appeared on behalf of OFM.

4. The parties successfully resolved the case and entered into an Agreement in Principle outlining the essential terms of the Agreement. *See* Ex. 1.

5. Mr. Tedards signed the Agreement in Principle for himself and his wife, Mrs. Tedards. *Id.*

6. The Agreement in Principle called for a mutually agreeable settlement agreement to be signed on or before August 31, 2007.

7. Accordingly, Plaintiff forwarded by federal express a Settlement Agreement to Mr. and Mrs. Tedards on August 14, 2007, which was delivered to the Tedards in Tucson, Arizona at about 10:05 a.m. on August 15, 2007. The package also contained a prepaid federal express envelope for return of the signed Agreement to ensure timely filing Agreement as well as payment of the first installment by August 31, 2007.

8. Undersigned counsel tried repeatedly, but unsuccessfully, to learn the status of the Tedards' review and signing of the Settlement Agreement so that it could be finalized by the August 31, 2007 deadline agreed to in the Agreement in Principle.

9. At the very last moment, on August 31, 2007, Plaintiff received the Settlement Agreement from the Tedards.

10. However, although the Tedards forwarded a check in the amount of the first payment, the Tedards provided a conditional signature only, conditioning execution of the Settlement Agreement on removal or modification of the Preamble language contained in Plaintiff's proposed Agreement.

11. On September 26, 2007, the Court held a telephonic status conference with the parties. Again, Mr. Tedards appeared by phone on behalf of himself and Mrs. Tedards.

12. The Court confirmed with both parties that an Agreement in Principle was reached and that the only outstanding issue was removal of the Preamble from Plaintiff's

proposed Settlement Agreement. The Court confirmed with Mr. Tedards that if the Preamble was removed, the Agreement would be executed. Undersigned counsel agreed to promptly request the required approval for that modification, and to promptly forward a revised Settlement Agreement for signature once that approval was obtained.

13.     Based on the representations by both parties that this matter was settled, and the only outstanding issue was the Preamble, the Court, over Plaintiff's objection, issued a Minute Order dated 9/26/07 dismissing the case without prejudice for 30 days. That Order further provided that the dismissal without prejudice "shall become a dismissal with prejudice in 30 days, or upon the filing of a stipulation of dismissal, whichever is sooner." *See* Minute Order dated 9/26/07.

14.     Undersigned counsel then promptly obtained approval for removing the Preamble. Two days after the status conference on 9/28/07, the following email was forwarded to the Tedards with an attached revised Settlement Agreement removing the Preamble:

> From: Mussenden, Paul (USADC)
> Sent: Friday, September 28, 2007 1:13 PM
> To: Yvonne Tedards; stephanie@tedards.com
> Cc: rcf@fishercs.com; Mussenden, Paul (USADC)
> Subject: Tedards: Settlement Agreement
>
> Bill and Yvonne: Consistent with Bill's representation to the Court during Wednesday's status telephonic status conference that you will immediately execute -without condition - a Settlement Agreement that does not contain a Preamble, I obtained approval to make that change. Accordingly, attached is a revised Settlement Agreement that removes the Preamble and is otherwise unchanged from the previous version sent by fed ex to you in August.
>
> As represented to the Court, please immediately execute and send a signature page by fax today, and fed ex the original. We will immediately sign, file with the Court, and forward a fully executed copy to you.

>   As both parties indicated during the status conference, there were no objections to the substantive terms of the agreement in principle, which has been in place since the close of the mediation. As required by our agreement, we expect that we will receive the second installment payment of $2,000 by cashier's check on or before October 1, 2007.

15. On October 10, 2007, Mr. Tedards faxed a Settlement Agreement that was not fully executed as it was signed only by Mr. Tedards. That Agreement also added yet another condition on each page – that the Agreement be "FILED UNDER SEAL".

16. In subsequent attempts since then to obtain a fully executed Settlement Agreement without additional conditions that were not part of the Agreement in Principle, or the parties' representations to the Court during the 9/26/07 status conference, Mr. Tedards explained that Mrs. Tedards refused to execute the Agreement without imposing the "under seal" and other unspecified conditions.

17. The Tedards' actions constitute a rejection of the Agreement in Principle, and is contrary to their representations to the Court and undersigned counsel as to what outstanding issues remained before they would unconditionally execute the Settlement Agreement.

18. Accordingly, and to protect the rights of the United States in this matter, Plaintiff respectfully requests that the Court reverse its dismissal of this case and reinstate the Complaint.

19. Alternatively, Plaintiff requests that the Court require the revised Settlement Agreement (*i.e.*, without the Preamble) be filed and enforced.

        Respectfully submitted,

        /s/
        JEFFREY A. TAYLOR, DC Bar #498610
        United States Attorney

        /s/
        RUDOLPH CONTRERAS, DC BAR #434122
        Assistant United States Attorney

        /s/
        PAUL A. MUSSENDEN,
        Assistant United States Attorney
        Civil Division
        555 4th Street, N.W.
        Washington, D.C.  20530
        (202) 305-4740

October 25, 2007.