UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-0991 (DAR) |
| | ) |
| WILLIAM P. TEDARDS, JR. | ) |
| YVONNE TEDARDS, | ) |
| | ) |
| Defendants/ | ) |
| Counterclaimants. | ) |

### REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO REOPEN CASE AND REINSTATE COMPLAINT

Plaintiff, U.S. Department of State, Office of Foreign Missions [OFM or United States], through undersigned counsel, respectfully submits this Reply in further support of its Motion to Reopen Case and Reinstate Complaint.

1. Defendant William Tedards, Jr.'s opposition concedes his representation to the Plaintiff and the Court on September 26, 2007 that an Agreement in Principle was reached in this matter, and that the *only* impediment to obtaining the Tedards' unconditional signatures on the Settlement Agreement was removal of the Preamble. In doing so, Mr. Tedards never indicated that he did not in fact have the consent or authority from his wife, Defendant Yvonne Tedards, to make such representations to the Court.

2. Moreover, by attending the Mediation and signing the Agreement in Principle for and on behalf of his wife, Mr. Tedards represented to the Mediator and Plaintiff that he in fact had the authority to execute a final Settlement Agreement on the

terms agreed upon in principle.

3.  The Court relied on Mr. Tedards' representation that the case was settled, and that the *only* issue left to resolve was *removal of the Preamble,* in concluding that the case was settled and therefore dismissal (ultimately with prejudice) was warranted.

4.  Furthermore, when Defendant Yvonne Tedards responded on August 31, 2007 with her conditional signature, the *only* objection she set forth was to the Preamble language.  In doing so, Mrs. Tedards never indicated that her husband did not have the authority to bind her to the terms of the Agreement in Principle.   Hence, with the exception of the Preamble language, Mrs. Tedards' conditional signature on August 30, 2007 represents her agreement to all other terms of the Settlement Agreement, and provided Plaintiff with an independently sufficient  basis to believe that both Defendants unconditionally agreed to all other terms of the Settlement Agreement[1].

5.  At no point up to and including the September 26, 2007 telephonic status conference with the Court did the parties agree to file the Settlement Agreement under seal, or was an under seal filing raised by the Tedards as an indispensable condition to final execution of the Settlement Agreement.  Indeed, the issue of an under seal filing was not even raised by either Defendant in providing their August 31, 2007 conditional signatures.

---

[1] Mrs. Tedards' Declaration "acknowledges" that Mr. Tedards signed the Agreement in Principle and conditionally executed the Settlement Agreement in August, 2007 for himself and on her behalf. *See* Decl. of Yvonne Tedards at ¶¶1-2.

6.      Inexplicably, however, Mr. Tedards inserted the term "FILED UNDER SEAL" in the caption and on every page of the Settlement Agreement before he signed and forwarded that document on October 10, 2007.  In addition, Mrs. Tedards failed to execute the revised Settlement Agreement.

7.      In his Opposition, Mr. Tedards fails to reconcile his representations to the Court that the Preamble was the *only* outstanding issue, with both his last minute insertion of the new "under seal" condition[2], and his representation that he is "unable to persuade [Defendant] Yvonne Tedards to sign the document precisely as written by the government."

8.      Before making the representation to the Court that the Preamble was the *only* outstanding issue, and triggering both the Court's and Plaintiff's reliance on that representation, both Defendants had an *obligation* to ensure that this representation was in fact accurate.  Boldly flouting and ignoring this obligation, Mr. Tedards instead suggests that this obligation be borne by the Court and Plaintiff in demanding that the "Court direct counsel for the government and defendant Yvonne Tedards to negotiate a resolution of their separate differences."   Dkt. No. 37 at 1.  This is a task that Mr. and Mrs. Tedards should have accomplished before making these representations.  Their failure to do so is inexcusable.

---

[2] Indeed, Mr. Tedards' Opposition does not even mention the fact that he attempted to impose this new condition in the version of the Settlement Agreement he executed on October 10, 2007.

9. Mr. Tedards also misrepresents that he "executed the settlement proposal presented by the Government with the preamble removed and is complying with its terms." Dkt. No. 37 at 1. First, this assertion is inconsistent with the new "under seal" language added to every page of the Settlement Agreement he signed as described above. Second, Defendants have failed to submit both the November and December payments required under the terms of the Settlement Agreement.

10. Mr. Tedards' Opposition further suggests that the changes demanded by his wife are "completely non-substantive." Dkt. No. 37 at 1. Not so. Mrs. Tedards' proposed changes would materially alter the payment terms, seek to remove the consent judgment provisions that were a centerpiece of the Agreement in Principle, and demand that the Settlement Agreement be filed under seal. *See* Dkt. No. 38 [Suppl. Opp'n Mem.] at Ex. 1 [Decl. of Yvonne Tedards] and accompanying attachments. These counter-proposals constitute a rejection of the Settlement Agreement. To avoid further prejudice to the Government caused by the Tedards' dilatory tactics employed each time an attempt is made to finally settle this matter, and given the Tedards' refusal to stand by the representations the Court relied on, the Court should reconsider its decision to dismiss the case with prejudice and reinstate the Complaint.

11. Alternatively, Plaintiff requests that the Court require the revised Settlement Agreement (*i.e.*, without the Preamble) be filed and enforced. Both Defendants now contend that Mrs. Tedards' objections and/or proposed changes are "non-substantive." Hence, both Defendants necessarily agree with all "substantive"

terms of the revised Settlement Agreement. With both Defendants affirmatively agreeing to the "substantive terms", coupled with Mr. Tedards' representation that Defendants agree with all terms except the Preamble, the record reflects consent by both Defendants to the terms of the revised Settlement Agreement, and/or actual authority by Mrs. Tedards to be bound by Mr. Tedards' representations. Under these circumstances, an adequate basis exists to enforce the revised Settlement Agreement as to both Defendants. *Cf. Makins v. District of Columbia*, 861 A.2d 590 (D.C. 2004) (ruling on a certified question from the D.C. Circuit regarding enforcement of settlement agreements, and holding that a principal can be bound by an agent's apparent authority, which arises when the principal places the agent in such a position as to mislead third persons into believing that the agent is clothed with the authority which in fact he does not possess, and depends on whether the principal's conduct reasonably causes the third person to believe that the principal consents to have the act done on her behalf by the person purporting to act for her).

[*Signature Block on Following Page*]

        Respectfully submitted,

        __/s/_____
        JEFFREY A. TAYLOR, DC Bar #498610
        United States Attorney

        __/s/_____
        RUDOLPH CONTRERAS, DC BAR #434122
        Assistant United States Attorney

        __/s/_____
        PAUL A. MUSSENDEN,
        Assistant United States Attorney
        Civil Division
        555 4th Street, N.W.
        Washington, D.C.  20530
        (202) 305-4740

December 12, 2007.