UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | Civil Action No. 05-0991 (DAR) |
| | ) | ECF |
| WILLIAM P. TEDARDS, JR. | ) | |
| YVONNE TEDARDS, | ) | |
|   Defendants. | ) | |
| _____ | ) | |

## NOTICE

On August 11, 2008, the Parties jointly moved to extend the due date for pretrial statements to August 18, 2008, and to reschedule the August 20, 2008 pretrial conference to August 28, 2008 (or a date thereafter that was most convenient to the Court).  By Minute Order dated August 15, 2008, the Court extended the due date for pretrial statements to August 18, 2008 as requested.  With respect to the pretrial conference date, the Court partially granted the Parties' request to reschedule by suggesting the alternative date of Friday, August 22, 2008 at 2 p.m., provided all Parties were available.  If not, the Court ordered the pretrial conference to go forward as presently scheduled on August 20, 2008.

    Undersigned counsel conferred with Defendants and confirmed that the Parties are available for the pretrial conference on Friday, August 22, 2008 at 2 p.m. as permitted by the Court.   However, Defendant William Tedards suggested to undersigned that only he will attend, and that such attendance would be by telephone only.  For all previously Court ordered pretrial status and settlement conferences, Plaintiff has not objected to Defendants, who have resided in Arizona since abandoning the Premises at issue in 2004, appearing by telephone.

Under Fed. R. Civ. P. 16, attendance in person at the final pretrial conference by counsel for all parties and all unrepresented parties to the action is mandated.  See Fed. Rule Civ. P. 16(e) (expressly requiring that "[t]he [final pretrial] conference . . . must be attended by at least one attorney who will conduct the trial for each party and by any unrepresented party").  The rationale for this requirement is underscored in the present case given both pro se Defendants' ever changing representations to the Plaintiff, mediators, and this Court about dispositive issues, especially when only one Defendant speaks for both.  In Plaintiff's view, this has resulted in this case being stayed for long periods, and has prejudiced Plaintiff's ability to pursue recovery of the unpaid back rent and related costs since 2004.

Moreover, Defendants have known about the pretrial conference since the Court set the date on March 11, 2008.  See Minute Entry dated March 11, 2008.  The date for the pretrial conference and trial was set only after both Defendants checked their calendars and indicated that they were unavailable on earlier dates this summer.  Furthermore, based on their representations to the Court on the Pacer docket, Defendants maintain an address and still conduct business in this District.  In addition to their actions in this District that resulted in the present lawsuit and their counterclaim, Defendants should have expected to be required to appear before this Court for important pretrial proceedings such as the final pretrial conference.

Requiring both Defendants to appear in person at the final pretrial conference will ensure that they are taking this case seriously and provide the Court and Plaintiff a better opportunity to obtain binding representations from both Defendants as to their intentions for defending Plaintiff's claim, and pursuing their Counterclaim.  See e.g., Mitsui O.S.K. Lines v. Continental Shipping Line Inc., 2008 WL 906258, *4 (D.N.J. Mar 19, 2008) (in a report and recommendation adopted by the District Court judge, the Magistrate Judge's order required

mandatory in-person attendance by pro se litigant at pretrial conferences, including final pretrial conference).

Pursuant to Rule 16(e), Plaintiff therefore respectfully requests that the Court order the attendance of both pro se Defendants, and that such attendance be in person, at the final pretrial conference on Friday, August 22, 2008 at 2 p.m. A proposed order is attached for the Court's convenience.

Dated: August 19, 2008

                                            Respectfully submitted,

                                            _/s/_____
                                            JEFFREY A. TAYLOR, D.C. Bar #498610
                                            United States Attorney

                                            _/s/_____
                                            RUDOLPH CONTRERAS, D.C. BAR #434122
                                            Assistant United States Attorney

                                            _/s/_____
                                            PAUL A. MUSSENDEN
                                            Assistant U.S. Attorney
                                            United States Attorney's Office
                                            Civil Division
                                            555 4th Street, NW
                                            Washington, D.C. 20530

                                            _/s/_____
                                            MEGAN M. WEIS
                                            Special Assistant U.S. Attorney
                                            United States Attorney's Office
                                            Civil Division
                                            555 4th Street, NW
                                            Washington, D.C. 20530

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Civil Action No. 05-0991 (DAR) |
| | ) | ECF |
| WILLIAM P. TEDARDS, JR. | ) | |
| YVONNE TEDARDS, | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **[PROPOSED] ORDER**

Upon consideration of Plaintiff's Notice, and for good cause shown, it is **ORDERED** that:

1. The Pretrial Conference shall be held on August 22, 2008 at 2 p.m.

2. Both pro se Defendants are required to attend the pre-trial conference in person.

It is **SO ORDERED** this _____ day of August 2008.

_____
Hon. Deborah A. Robinson
United States Magistrate Judge