**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|        Plaintiff/Counter Defendant | ) |
| | ) |
| v. | ) Civil Action No. 05-0991 (DAR) |
| WILLIAM P. TEDARDS, JR. and | ) ECF |
| YVONNE TEDARDS, | ) |
| | ) |
|        Defendants/Counter Claimants. | ) |
| | ) |

**CONSENT MOTION TO STRIKE DEMAND FOR JURY TRIAL AND PLAINTIFF'S UNOPPOSED MOTION TO BIFURCATE DEFENDANTS' COUNTERCLAIM AND HEAR EVIDENCE OF THAT CLAIM FIRST**

Plaintiff and Counter Defendant, U.S. Department of State, Office of Foreign Missions [Plaintiff or United States], by and through undersigned counsel, submits its consent motion to strike the demand for jury trial filed by William P. Tedards Jr., and Yvonne Tedards [Defendants or Counter Claimants], and try this matter as a bench trial. Pursuant to Fed. R. Civ. P. 16(c)(2), Rule 42(b), and Rule 56(d), Plaintiff further moves for a separate trial of Defendants' Counterclaim and to hear evidence of that claim first. Without waiving affirmative or any other defenses, Defendants do not oppose this request.

**INTRODUCTION**

The United States filed its complaint against Defendants on May 17, 2005. On June 20, 2005, Defendants filed their Answer demanding a jury trial pursuant to Federal Rule of Civil Procedure 38(b). *See* Dkt. No. 2 [Answer] at 6. On July 11, 2005, Defendants then filed an Answer and Counterclaim, demanding a jury trial for their counterclaim as well. *See* Dkt. No. 6 [Answer and Counterclaim] at 17. By consent, the United States now moves to strike

Defendants' jury trial demand. As explained below, Defendants are not entitled to a jury trial on their counterclaim, which is deemed an action against the United States to which a right to a jury trial does not attach.

Given the many issues the parties and the Court have determined are not genuinely disputed with respect to the allegations in the complaint, the United States further moves for a separate trial of Defendants' counterclaim, and for the Court to try the counterclaim first. The primary allegation in the United States' complaint is Defendants' breach of the 2002 Lease Agreement by both failing for several months to pay rent and related fees, and abandoning the property in a state of disrepair. The parties' pleadings, submissions during summary judgment briefing, and the specific findings by the Court in its Memorandum Opinion, establish that Defendants do not contest their failure to pay rent, and in fact concede that they owe the United States *some* amount for their breach of the Lease. Accordingly, the only contested issues for trial are: (1) whether Defendants are entitled to an offset based on the allegations in their Counterclaim; and (2) the amount of restoration costs due to the United States after Defendants abandoned the property in breach of the Lease. To avoid unnecessary proof and cumulative evidence at trial, the Court has discretion to simplify the issues that must be adjudicated by specifying the undisputed issues that are established and ordering a separate trial of the counterclaim to be heard first. *See* Fed. R. Civ. P. 16(c)(2)(A), (C), and (M).; *see also* Rule 56(d).

Resolving the counterclaim first, and avoiding proof of undisputed matters such as Defendants' failure to pay rent, will advance the Court's pretrial obligations under Rule 16 to facilitate the just, speedy, and inexpensive disposition of the action. Fed. R. Civ. P. 16(c)(2)(P).

2

**BACKGROUND**

Under the terms of the Foreign Missions Act of 1982, the State Department's Office of Foreign Missions ("OFM" or "Plaintiff") serves as landlord of the property owned by the state of Iran and located at 3410 Garfield Street, N.W., Washington, D.C. 20007 ("Premises"). On or about June 18, 2002, OFM entered into a third lease agreement with Defendants for their use and occupancy of the Premises as a single-family residence [2002 Lease]. The 2002 Lease provided for a three year term from June 1, 2002 to May 31, 2005, and is the only Lease at issue in this lawsuit.

Under the terms of the 2002 Lease, Defendants were obligated to pay $4,900 per month during the first year of the lease. Thereafter, Defendants were obligated to pay $5,150 per month from June 1, 2003 through May 31, 2004; and $5,400 per month from June 1, 2004 through May 31, 2005. The rent payment was due on the first day of the month. In addition, a late fee equivalent to 5% of the rent payable for such month was due after the tenth day of the month. The lease agreement specifically admonished that no amount was to be subtracted from the rent amount. Except for ordinary wear and tear, the lease agreement required Defendants to maintain the property, and return the premises and all equipment fixtures in as good condition as when Defendants took possession. In the event tenants failed to meet this requirement, OFM was entitled to restore the premises, equipment and fixtures to their condition at the time of possession. Defendants agreed to be responsible for any such restoration costs.

The 2002 Lease further required Defendants to report any defect, damage, malfunction or breakage in writing to OFM. Defendants were expressly barred from making any alterations, changes, or additions to the Premises without OFM's advance written permission. As set forth

more fully in Plaintiff's Pretrial Statement [Dkt. No. 46 ], the pleadings, summary judgment submissions, as well as the Court's Memorandum Opinion, establish undisputed facts showing that Defendants breached the 2002 Lease and that Plaintiff is therefore owed *some* recovery.  *See e.g.,* Dkt. No. 32 [Mem Op.] at 7 ; *see also* Compl. at ¶22 and Answer at ¶20.  The total amount owed by Defendants is $43,764.16, which includes $36,098.12 in back rent and late fees (subtracting the security deposit retained by OFM) and $11,572.84 in restoration costs.  While the Court found that the specific dollar amount Defendants owe is still in dispute, this discrepancy only exists because Defendants' counterclaim alleges that they are entitled to an offset for certain repairs made to the Premises.  Accordingly, determining whether Defendants' counterclaim has any merit is the only outstanding liability issue for the Court to decide at trial.

## **DISCUSSION**

**A.    Consent Motion to Strike Defendants' Jury Trial Demand and for a Bench Trial on all Matters**.

In response to the United States' Complaint, Defendants filed an Answer and Counterclaim and demanded a jury trial.  Dkt. No. 6. [Answer and Counterclaim].  A counterclaim against the federal government must be treated as an action against the United States.  *U.S. v. Rosati*, 97 F. Supp. 747, 748 (D.N.J. 1951).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  Where the United States files suit, however, sovereign immunity is waived where (1) the claim arises from the same transaction or occurrence as the government's suit; (2) the relief sought is the same kind as the government's requested relief; and (3) the damages sought by the counterclaimants do not exceed the amount claimed by the government.  *United States v.*

4

*Intrados/Int'l Mgmt. Group*, 277 F.Supp.2d 55, 60 (D.C. Cir. 2003).

This limited waiver of sovereign immunity for purposes of permitting Defendants' counterclaim does not, however, automatically confer a separate right to a jury trial. Indeed, the Supreme Court has expressly found that "no generally applicable jury trial right . . .attaches when the United States consents to suit." *Lehman v. Nakshian*, 453 U.S. 156, 162 (1981). As a result, "it has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the federal government." *Id*. at 160.   Citing 28 U.S.C. § 1491, the Supreme Court in *Lehman* further observed that jury trials have not been made available in the Court of Claims for the broad range of cases within its jurisdiction, including claims against the United States based on express or implied contract, and that "there is no jury trial in this same range of cases when the federal district courts have concurrent jurisdiction." *Id*.  For this reason, Defendants' jury trial demand with respect to their counterclaim must be stricken.  Defendants have consented to striking the jury trial demand and to trying this case as a bench trial for all purposes.

B.  **Plaintiff's Unopposed Motion to Bifurcate Defendants' Counterclaim and Hear Evidence on that Claim First**.

Federal Rule of Civil Procedure 16 gives the Court broad latitude to make pretrial rulings to streamline the issues and presentation of evidence at trial. *See generally*, Fed. R. Civ. P. 16. Proper matters within the Court's discretion include "formulating and simplifying the issues"; "obtaining admissions and stipulations about facts and documents to avoid unnecessary proof" and "cumulative evidence";  and "ordering a separate trial under Rule 42(b) of a claim, counterclaim, crossclaim, [or] third-party claim." *See* Fed. R. Civ. P. 16(c)(2)(A)(C)(D) and (M).

Under Fed. R. Civ. P. 42(b), a court may order a separate trial of any type of claim,

5

including a counterclaim, "in furtherance of convenience," or "when separate trials will be conducive to expedition and economy." Rule 42(b). In addition to the reasons detailed in the rule, a court may bifurcate claims for a separate trial "to avoid the possibilities of confusion, to further convenience, to avoid delay and prejudice, and to serve the ends of justice." *U.S., ex rel. Miller v. Bill Harbert Intern. Const., Inc*., No. 95-1231, 2007 WL 851823, at *1 (D.D.C. 2007); *see also Am. Nat'l. Red Cross v. Travelers Indem. Co. of Rhode Island*, 924 F.Supp. 304, 306 (D.D.C.1996) (citing *Webb v. Hyman*, 861 F.Supp. 1094, 1119 (D.D.C.1994)). Moreover, "district courts have broad discretion to choose whether to bifurcate claims for the purposes of trying them separately, even in scenarios where only one criterion from Rule 42(b) is satisfied." *U.S., ex rel. Miller*, No. 95-1231, 2007 WL 851823, at *1; *Red Cross*, 924 F.Supp. at 306.

Relatedly, under Fed. R. Civ. P. 56(d), where, as here, summary judgment is not granted on the whole action, the Court may nonetheless determine what material facts are not genuinely at issue by examining the pleadings and evidence before it and treat those facts as established. For example, in *Rivera-Lugaro v. Rullan*, 500 F.Supp.2d 28 (D. Puerto Rico, 2007), the Court held that certain material facts were not in genuine issue or dispute because each "fact was listed in the movant's statement of facts, was supported by record evidence, and was not contested by the non-movant." *Rullan*, 500 F.Supp.2d at 34; s*ee also, Cosme-Rosado v. Serrano-Rodríguez*, 360 F.3d 42, 44-45 (1st Cir.2004).

The procedural posture in this case supports application of these pretrial streamlining tools. First, although the specific dollar amount may still be in dispute, Defendants conceded, and the Court found, that Plaintiff is owed *some* recovery based on the failure to pay rent allegations in the Complaint. *See e.g.*, Dkt. No. 32 [Mem Op.] at 8 and Defs.' Opp'n at 1.

6

Second, and more fundamentally, Defendants do not dispute their failure to pay rent, but instead believe that the amounts owed should be offset based on the allegations in their counterclaim. Under these circumstances, it is unnecessary to require proof of the failure to pay rent at trial. Hence, in accordance with Fed. R. Civ. P. 16(c)(2) and Rule 56(d), the Court should avoid unnecessary proof at trial by deeming such undisputed facts established. *See e.g.,* Dkt. No. 46 [Pl.'s Pretrial Statement] at 4-10 ("Undisputed Issues/Stipulations").  Because Defendants' counterclaim for offset is the only disputed issue preventing determination of the specific amount owed to the United States, it also makes sense to hold a separate trial of that claim first. This procedure is consistent with the desire for economy underlying Rules 16 and 42(b).

Without waiving their ability to present affirmative or any other defenses to Plaintiff's claims, Defendants do not oppose holding a separate trial of their counterclaim first.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that its consent motion to strike the jury trial demand and try this entire matter before the Court be granted. In the interest of judicial economy, Plaintiff further respectfully requests that the Court hold a separate trial of Defendants' counterclaim and hear evidence of that claim first.

An Order consistent with this requested relief is attached.

August 20, 2008

                              Respectfully submitted,

                              ___/s/_____
                              JEFFREY A. TAYLOR, D.C. Bar # 498610
                              United States Attorney

                              ___/s/_____
                              RUDOLPH CONTRERAS, D.C. Bar # 434122
                              Assistant United States Attorney

                              __/s/_____
                              PAUL A. MUSSENDEN,
                              Assistant United States Attorney
                              Civil Division
                              555 4th St., NW , Rm E-4812
                              Washington, D.C.  20530
                              (202) 305-4740

                              ___/s/_____
                              MEGAN M. WEIS
                              Special Assistant United States Attorney
                              Civil Division
                              555 4th St., NW
                              Washington, D.C. 20530
                              (202) 514-5134